# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HARRIS, | ) | CASE NO. 4:16cv1089 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner John Harris filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is currently incarcerated at Elkton Federal Correctional Institution, serving a 326-month sentence imposed by the United States District Court for the Northern District of Indiana on December 2, 2011. He pleaded guilty to one count of sexual exploitation of a minor. He claims that he is entitled to habeas relief because the evidence against him was seized without a valid search warrant, he received ineffective assistance of trial counsel, and he suffers from mental illness. He seeks immediate release from prison.

Petitioner also filed an Application to Proceed *in Forma Pauperis* (Doc. No. 2). The application is granted.

## I. Background

In January 2009, the Hamilton County Metro Child Exploitation Unit, located in Fishers, Indiana, noted an IP[1] address utilized to possess, download and distribute child pornography. Detectives in the unit traced that IP address back to petitioner, and discovered petitioner had been the subject of a similar investigation in 2007. He was indicted in the United States District Court for the Northern District of Indiana on three counts of sexual exploitation of children, one count of engaging in activities relating to material constituting or containing child pornography with a forfeiture specification, one count of distribution of child pornography, and one count of possession of child pornography. (*See* Doc. No. 16 (*United States v. Harris*, No. 3:09 cr 112 (N.D. Ind. Sept. 10, 2009).) He pleaded guilty on June 21, 2011 to one count of sexual exploitation of a minor, and was sentenced to 326 months incarceration on December 2, 2011.

On March 14, 2012, petitioner filed his first motion to vacate his sentence under 28 U.S.C. § 2255. (*See* Doc. No. 106 (*United States v. Harris*, No. 3:09 cr 112 (N.D. Ind. Mar. 14, 2012).) He claimed his attorney provided ineffective assistance at the sentencing when counsel failed to object to the waiver of petitioner's right to appeal that was contained in the plea agreement. *Id.* He also asserted that his sentence was very harsh. *Id.* The sentencing court considered his claims, and found that petitioner's plea was voluntary and informed, that the waiver of appeal was clearly stated in the plea agreement, and that petitioner acknowledged in the plea colloquy that he understood the terms of the agreement. The sentencing court further stated that petitioner's sentence was within the statutory maximum and the advisory guideline

---

[1] "IP" is the acronym for internet protocol.

range. The court denied the motion on March 21, 2012. (*See* Doc. No. 107 (*United States v. Harris*, No. 3:09 cr 112 (N.D. Ind. Mar. 21, 2012).)

Petitioner filed a second motion to vacate his sentence under 28 U.S.C. § 2255 on March 19, 2015. (*See* Doc. No. 118 (*United States v. Harris*, No. 3:09 cr 112 (N.D. Ind. Mar. 19, 2015).) The sentencing court denied the petition as successive on April 14, 2015. (*See* Doc. No. 121 (*United States v. Harris*, No. 3:09 cr 112 (N.D. Ind. Apr. 14, 2015).)

Petitioner has now filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. In this petition, he once again asserts that his trial counsel was ineffective because he did not fully explain the terms of the plea agreement. He also challenges the search of his property claiming there is no indication on the docket that the Court issued a search warrant. Finally, petitioner claims he suffers from a mental illness that impairs his thought processes. He asserts that this condition should have been considered by the sentencing court in the Northern District of Indiana.

## II. DISCUSSION

### A. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d

3

292, 295 (6th Cir. 2001) (case citations omitted). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to "screen out" petitions lacking merit on their face under § 2243).

**B. Analysis**

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under § 2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition where his remedy under § 2255 is or was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prisoner may utilize this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which petitioner was convicted, and by this interpretation excludes petitioner's actions as a violation of the statute. *Winters v. FCI Elkton Warden*, No. 4:14 CV 1142, 2014 WL 5878427, at *2 (N.D. Ohio Nov. 10, 2014) (citing *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed

under § 2241.")). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under § 2255, or where he did assert his claim in an earlier motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

In the instant petition, Harris challenges his conviction and sentence. His only vehicle for asserting these claims is a § 2255 motion to vacate. Petitioner has already filed two § 2255 motions and failed to obtain relief. He cannot challenge his conviction in a § 2241 petition unless he can demonstrate that the rare situation exists that the Supreme Court issued an opinion that re-interprets the statute under which he was convicted making his conduct no longer a crime, and his remedy under § 2255 is foreclosed. Harris does not suggest the Supreme Court issued such an opinion. Petitioner cannot seek relief from his conviction under § 2241.

### III. CONCLUSION

For all the foregoing reasons, petitioner's Application to Proceed *in Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 1, 2016

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**